# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTHONY COLES and | : | CIVIL ACTION |
| MICHAEL CASINO | : | |
| | : | |
| v. | : | |
| | : | |
| RITZ CARLTON RESIDENCE and | : | NO. 13-1461 |
| RESIDENCE CONDOMINIUM | : | |

**NORMA L. SHAPIRO, J.**                                                                JUNE 12, 2013

Before the court is defendants' motion to dismiss plaintiffs' first amended complaint.[1] Plaintiffs Anthony Coles and Michael Casino allege that, on January 20, 2012, they went to the Ritz Carlton Residence ("the Ritz") to look at a condominium unit. Plaintiffs allege they viewed a model unit and were rushed off the premises. As they exited, plaintiffs were stopped and handcuffed by police officers. Plaintiffs were detained for about thirty minutes and then released. They allege a Ritz employee reported them to police because they are African American.

Plaintiffs state four counts against defendants: (I) denial of their right to make and enforce contracts under 42 U.S.C. § 1981; (II) violation of their civil rights under 42 U.S.C. § 1983; (III) unlawful discrimination under Pennsylvania common law; and (IV) punitive damages. Defendants have moved to dismiss all counts. In their response, plaintiffs concede they cannot state claims for Counts II through IV, and they request leave to file a second amended complaint stating a claim only under § 1981. The court held oral arguments on May 13, 2013. For the reasons stated below, the motion to dismiss all counts will be granted, and plaintiffs will be given leave to amend their complaint to state a plausible claim under § 1981.

---

[1] Plaintiffs have listed the Ritz Carlton Residence and Residence Condominium as separate defendants. It is unclear whether these are the same entity or two distinct entities. In their second amended complaint, plaintiffs should make clear which entity or entities they intend to sue.

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss all or part of an action for failure to state a claim upon which relief can be granted. A complaint must contain sufficient facts, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation. *Id.*

A plaintiff may amend his or her complaint once as a matter of course. Fed. R. Civ. P. 15(a)(1). For additional amendments, the plaintiff must receive the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The court grants leave to amend freely "when justice so requires." *Id.* However, leave to amend may be denied if amendment would be futile. *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). Futility means that the amended complaint would fail to state a claim upon which relief could be granted. In reviewing for futility, the district court applies the same standard of legal sufficiency applying to a Rule 12(b)(6) motion. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

## II. DISCUSSION

Plaintiffs concede they cannot state claims for Counts II through IV, so the court will grant the motion to dismiss those counts. Plaintiffs believe they can state a claim under § 1981 (Count I), and they request leave to file a second amended complaint containing only that claim. Defendants argue the § 1981 claim should be dismissed without leave to amend because

amendment would be futile.

Section 1981 prohibits racial discrimination in the making and enforcing of contracts: "All persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). To state a claim under § 1981, plaintiffs must allege that: (1) they are members of a racial minority; (2) defendants intended to discriminate on the basis of race; and (3) the discrimination concerned the making and enforcing of a contract. *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002). "[A] plaintiff cannot state a claim under Section 1981 unless he has (or would have) rights under the existing (or proposed) contract that he wishes 'to make and enforce.'"[2] *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479 (2006).

Respondeat superior liability is available in actions against private employers under § 1981. *See, e.g.*, *Flanagan v. Aaron E. Henry Community Health Services Ctr.*, 876 F.2d 1231,1235 (5th Cir. 1989); *Springer v. Seaman*, 821 F.2d 871, 881 (1st Cir. 1987). Liability may be imputed to an employer for the acts of its employees when the plaintiff demonstrates either "that the employer was aware of the alleged misconduct and failed to take action or that the employer or an authorized supervisor directly participated in the illicit act." *Goodwin v. Fast Food Enterprises No. 3, LLP*, 2012 WL 1739830, at *3 (W.D. Pa. May 16, 2012).

Plaintiffs allege they viewed a model condominium unit at the Ritz. They assert that an employee at the Ritz discriminated against them, by rushing them off the premises and contacting the police, because they are African American. It is unclear whether plaintiffs ever intended to purchase a condominium unit. Plaintiffs have sufficiently alleged that they are

---

[2] The contractual relationship "need not already exist, because § 1981 protects the would-be contractor along with those who already have made contracts." *McDonald*, 546 U.S. at 476.

members of a racial minority and that a Ritz employee intended to discriminate against them based on their race. However, plaintiffs have failed to allege that the discrimination related to a contract under which plaintiffs have, or would have, rights. Plaintiffs have not stated a claim under § 1981. The court will grant the motion to dismiss Count I.

Plaintiffs may be able to state a plausible claim of contract interference under § 1981 if they allege they intended to form a contract and were prohibited from doing so by defendants. Plaintiffs must also allege facts demonstrating that defendants are liable under a respondeat superior theory. Since plaintiffs may be able to state a claim under § 1981, amendment would not be futile. The court will grant plaintiffs leave to file a second amended complaint.

## IV. CONCLUSION

Defendants' motion to dismiss all counts in plaintiff's first amended complaint will be granted. Plaintiffs will be given leave to amend their complaint to state a plausible claim under § 1981. An appropriate order follows.