IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY COLES and | : | CIVIL ACTION |
| MICHAEL CASINO | : | |
| | : | |
| v. | : | |
| | : | |
| RITZ CARLTON RESIDENCES and | : | |
| AGC PARTNERS, LP | : | NO. 13-1461 |

MEMORANDUM

NORMA L. SHAPIRO, J.                                                          OCTOBER 29, 2013

Before the court is defendants' motion to dismiss plaintiffs' second amended complaint. Plaintiffs Anthony Coles and Michael Casino allege that, on January 20, 2012, they went to the Ritz Carlton Residence ("the Ritz") for an individual comprehensive tour of the property, they were only shown a model unit, defendants' employees treated them "brusquely" and "rudely," and then rushed them off the premises. Plaintiffs further allege that defendants' employees reported them to the police because they claimed plaintiffs looked liked wanted criminals, so as they exited, plaintiffs were detained and released after thirty minutes. Plaintiffs bring this action under 42 U.S.C. § 1981.

### I. BACKGROUND

Plaintiffs filed a complaint stating four counts against defendants: (I) denial of their right to make and enforce contracts under 42 U.S.C. § 1981; (II) violation of their civil rights under 42 U.S.C. § 1983; (III) unlawful discrimination under Pennsylvania common law; and (IV) punitive damages. Defendants moved to dismiss all counts. In their response, plaintiffs conceded they could not state claims for Counts II through IV, and requested leave to file a second amended complaint stating a claim only under § 1981. Following oral argument, the court dismissed all counts and granted plaintiffs leave to amend their complaint to state a plausible claim under § 1981. The court cautioned that "[p]laintiffs may be able to state a plausible claim of contract interference under § 1981 *if* they allege

they intended to form a contract and were prohibited from doing so by defendants. Plaintiffs must also allege facts demonstrating that defendants are liable under a respondeat superior theory." *Opinion* at 4 (emphasis added).

Plaintiffs have filed a second amended complaint and defendants have filed a motion to dismiss contending that plaintiffs' have failed to cure the deficiencies of the first amended complaint. Plaintiffs base their § 1981 claim on two alleged contracts: 1) a prospective contract to purchase a condominium; and 2) a unilateral contract for a "comprehensive tour" of the Ritz Residences.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss all or part of an action for failure to state a claim upon which relief can be granted. A complaint must contain sufficient facts that, when accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation. *Id.*

## III. DISCUSSION

Section 1981 prohibits racial discrimination in the making and enforcing of contracts: "All persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The statute further defines "make and enforce contracts" as "includ[ing] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and condition of the contractual relationship." § 1981(b).

To state a claim under § 1981, plaintiffs must allege that: (1) they are members of a racial minority; (2) defendants intended to discriminate on the basis of race; and (3) the discrimination concerned the making and enforcing of a contract. *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002). "[A] plaintiff cannot state a claim under Section 1981 unless he has (or would have) rights under the existing (or proposed) contract that he wishes 'to make and enforce.'"[1] *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479 (2006). The 1991 Amendments made clear that § 1981 focuses on contract obligations. *Id*. at 477.

The Court of Appeals has adopted the *McDonnell Douglas* framework for § 1981 claims in the housing context. *Chauhan v. M. Alfieri Co.*, 897 F.2d 123, 127 (3d Cir. 1990). To establish intent to discriminate, a plaintiff must show "(1) he is in a protected class; (2) he attempted to lease the space; (3) he was a qualified applicant; and (4) the space remained unfilled after he applied." *Id.* While *Chauhan* addressed an attempt to lease property, the court adopted the test of the Sixth Circuit Court of Appeals which had applied the *McDonnell Douglas* burden shifting to a § 1981 claim based on a contract to purchase property. *Selden Apartments v. United States Department of Housing and Urban Development*, 785 F.2d 152, 159 (6th Cir. 1986) (finding a plaintiff establishes a *prima facie* case under § 1981 by proving "(1) That he or she is a member of a racial minority; (2) That he or she applied for and was qualified to rent or purchase certain property or housing; (3) That he or she was rejected; and (4) That the housing or rental property remained available thereafter."). Plaintiffs have sufficiently alleged that they are members of a racial minority (African American). However, plaintiffs have failed to allege that they intended or attempted to lease or purchase a condominium. Plaintiffs

---

[1] The contractual relationship "need not already exist, because § 1981 protects the would-be contractor along with those who already have made contracts." *McDonald*, 546 U.S. at 476.

have also failed to plead facts showing they were qualified applicants.[2]

Similarly, plaintiffs have failed to allege that the discrimination related to a contract under which plaintiffs had, or would have, rights. In the second amended complaint, plaintiffs allege that defendants' actions were intended to "dampen[] the Plaintiffs' interests in purchasing any condominium units at the Ritz Residences, and thereby depriv[e] them of an opportunity to contract with Defendant Ritz-Carlton for the purchase of any condominium unit." *Complaint* ¶ 16.

Several courts of appeals have addressed § 1981 claims in the retail context and have found that there "must have been interference with a contract beyond the mere expectation of being treated without discrimination while shopping." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 470 (8th Cir. 2009); *see also Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1118 (10th Cir. 2001) (same).[3] In *Gregory*, the Court of Appeals for the Eighth Circuit rejected plaintiffs' argument that a department store's surveillance of them while shopping constituted interference with a prospective contract. *Id.* at 472-73. The court opinion stated that "[i]n view of the statute's focus on protecting a contractual relationship, a shopper advancing a claim under § 1981 must show an attempt to purchase, [] a specific intent to purchase an item, and a step toward completing that purchase." Addressing the district court's dismissal of several plaintiffs for failure to state a claim, the could also stated, "absent an allegation that the plaintiffs attempted to purchase merchandise, the complaint fails to meet the foundational pleading requirements for a suit under § 1981." *Id.* at 473. In *Morris v. Office Max, Inc.*, the Court of Appeals for the Seventh Circuit rejected the argument that an alleged deprivation of the right to purchase merchandise when "the store discouraged and dissuaded [plaintiffs] from making the

---

[2] The second amended complaint lacks sufficient facts to allege intentional discrimination under § 1981. The court recognizes that it found a "Ritz employee intended to discriminate against [plaintiffs] based on their race" in its June 12, 2013 memorandum. *Opinion* at 4. When plaintiffs amended their complaint they removed factual allegations supporting that finding.

[3] These cases were decided prior to *Iqbal*.

-4-

purchase" constituted a claim under § 1981. 89 F.3d 411, 414 (7th Cir. 1996). The contract rights asserted in plaintiffs' complaint are similar to those raised by retail shoppers.

Plaintiffs Coles and Casino have failed to allege an attempt to contract for a condominium. Plaintiffs have not pled that they submitted an application or made any attempt to purchase a condominium. The allegation that defendants deprived them of an "opportunity to contract" for a condominium fails to state a claim under § 1981. *See, e.g.*, *Morris*, 89 F.3d at 414 ("[plaintiffs'] allegation that Office Max interfered with their 'prospective contractual relations' is speculative and insufficient to state a claim under § 1981.").

In their complaint and response to the motion to dismiss, plaintiffs contend that the alleged contract did not concern the purchase of a condominium, but was a "simple offer to the public" that if individuals "gave an hour or two" of their time, the defendant would "give [] a tour of [its] condominiums and their amenities," and plaintiffs accepted that offer when they appeared for a tour. *Pls.' Opp. Mot. Dismiss* at 9. Plaintiffs only speculate about the existence of an offer to contract. They allege no facts concerning whether the offer was written or oral, its terms and conditions, or how they learned of it. This alleged offer, and plaintiffs' acceptance by appearing at the Ritz, is no more a contract for the purposes of § 1981 than a store's advertisement of sale prices or offer of a coupon unrelated to a purchase. *See, e.g.*, *Hampton*, 247 F.3d at 1118 (rejecting the argument that receipt of a coupon established a contractual relationship between plaintiff and the department store); *see also Lewis v. J.C. Penney Co., Inc.*, 948 F. Supp. 367, 371 (D. Del. 1996) (rejecting "the existence of an unstated, unwritten contract between commercial establishments and the public, that all who enter premises of the former will be treated equally regardless of race" as a "nebulous contract theory.").[4]

---

[4] Plaintiffs conflate the two alleged contracts throughout their complaint and response. After arguing the underlying contract concerned the tour of the premises, plaintiffs then state that failure show the condominiums as offered "discourage[d] them in the formation of a contract of sale of the condominiums." *Pls.' Opp. Mot. Dismiss* at 10.

Plaintiffs have not stated a claim under §1981 based on the alleged offer and acceptance of a comprehensive tour of the condominiums.[5]

## IV. CONCLUSION

Defendants' motion to dismiss plaintiffs' second amended complaint will be granted. An appropriate order follows.

---

[5] Plaintiffs also have not cured the lack of factual pleading concerning *respondeat superior* from the first amended complaint. The court will not address this deficiency because the plaintiffs have failed to state a claim.